IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM N. LUCY,            )  | |
|     Plaintiff,            ) | |
| ) | |
| v.            ) | CIVIL ACTION NO. 16-00470-CG-N |
| ) | |
| STATE OF ALABAMA,            ) | |
|     Defendant.            ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the Petition for Writ of Mandamus (Doc. 1) filed by William N. Lucy, an Alabama prisoner proceeding *pro se*. In his petition, Lucy requests that this Court, under 28 U.S.C. § 1361, direct the Circuit Court of Mobile County, Alabama, to vacate a criminal conviction and sentence imposed by that court against Lucy, due to the state court's alleged failure to hold an arraignment and the trial judge's alleged failure to recuse himself from the proceedings.

By previous Order (Doc. 2), the undersigned, explaining that such relief was not available through a writ of mandamus, construed Lucy's mandamus petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and directed him, no later than October 12, 2016, to file a new habeas petition on this Court's form, and to either pay the $5.00 statutory filing fee for such a petition or file a motion to proceed without prepayment of fees. Copies of this Court's forms for such filings were sent to Lucy along with that order.

To date, Lucy has not complied with any of these directives. Instead, Lucy filed an "Objection to Petition for Writ of Mandamus to be Construed as 2254 Habeas Petition and Motion to Amend Writ of Mandamus" (Doc. 3), in which he "make[s] objection to petitioner's petition for writ of mandamus to be construed as 2254 habeas petition" and seeks to amend his petition to add a number of new grounds for relief, claiming he is

mounting "a factual and facial attack" on his state court conviction.

Because Lucy insists on pursuing mandamus relief in this action, rather than habeas relief under § 2254, the undersigned treats Lucy's petition (Doc. 1) solely as a mandamus petition and finds that it is due to be **DENIED**.  As was pointed out to Lucy in the previous order (Doc. 2), "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam).[1]  *Accord, e.g.*, *Johnson v. Georgia*, No. 15-11364, 2016 WL 4709078, at *3 (11th Cir. Sept. 9, 2016) (per curiam) (unpublished) ("The district court concluded correctly that it lacked jurisdiction to issue a writ of mandamus to direct the Spalding County Trial Court in the performance of the state court's duties." (citing *Moye*)).  To the extent Lucy seeks release from prison, his "sole federal remedy is a writ of habeas corpus[,]" *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Johnson*, 2016 WL 4709078, at *3, which he has refused to file on this Court's form as ordered.  *See* Rule 2(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Court; S.D. Ala. CivLR 9(a).  Finally, the statute under which Lucy seeks mandamus relief, 28 U.S.C. § 1361, only permits a federal district court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  It does not apply to courts of the State of Alabama.

Accordingly, under 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a), the undersigned **RECOMMENDS** that Lucy's Petition for Writ of Mandamus (Doc. 1) be

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**DENIED**, that his motion to amend his petition (Doc. 3) be **DENIED** as futile, and that this mandamus action be **DISMISSED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of November 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**